INTERNATIONAL & G. N. RY. CO. v. ISAACS.   (No. 48–2717.)

(Commission of Appeals of Texas, Section B. Feb. 19, 1919.)

APPEAL AND ERROR &#x25C9;&#x27A1;1064(1)—REVIEW— HARMLESS ERROR—INSTRUCTIONS.

Error in an instruction charging that it was the duty of defendant's trainmen to blow the whistle within 80 rods of the crossing, instead of a distance of at least 80 rods, as required by Rev. St. 1911, art. 6564, was prejudicial error, although there was evidence of violation of a city ordinance as to speed, upon which the jury might have based its verdict; it not appearing upon what issue the jury based its verdict.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by J. L. Isaacs against the International & Great Northern Railway Company. From a judgment for plaintiff, defendant appealed to the Court of Civil Appeals, which affirmed the judgment (168 S. W. 872), and defendant brings error. Reversed and remanded.

Thompson & Barwise and Geo. W. Wharton, all of Ft. Worth, for plaintiff in error.

Alexander, Power & Ridgeway, of Ft. Worth, for defendant in error.

McCLENDON, J. Plaintiff recovered judgment against the defendant railway company in an action for damages on account of being thrown from a wagon which was struck by one of defendant's passenger trains in the city of Ft. Worth. The Court of Civil Appeals of the Sixth District affirmed the judgment. 168 S. W. 872.

The court instructed the jury that it was the duty of defendant's trainmen to blow the whistle within 80 rods of the crossing, instead of at a distance of at least 80 rods from the crossing, as required by article 6564, R. S. 1911. One of the theories upon which plaintiff sought recovery was that by reason of the failure to blow the whistle he was placed in a position of danger which so frightened him as to relieve him of the requirement to use ordinary care for his safety.

The testimony was sufficient upon this phase of the case to support a finding of the following facts: Plaintiff was traveling east on Llano street, driving a delivery wagon. For some distance prior to ' reaching the crossing there were houses and other obstructions on the north side of the street up to within a very short distance of the crossing. In addition, there was a cut just north of the crossing which obstructed from view an approaching train beyond a distance of some 150 feet north of the crossing. The train which struck plaintiff's wagon was a passenger train approaching Llano street from the north. When plaintiff was some 200 or 250 feet west of the crossing, his horse became somewhat frightened and began to run and buck, but was under control by the time plaintiff had arrived within 50 or 60 feet of the crossing. At that time plaintiff looked north and south, and neither heard nor saw the train and proceeded on to within 20 or 25 feet of the crossing, when he looked north again, and saw the top of the engine moving south through the cut. This sudden appearance of the train upset and frightened plaintiff, and · under the influence of these emotions he decided that the best means of saving himself was to drive his horse rapidly across the track in front of the train. He concluded that he could do this with safety. Whether the whistle was sounded within 80 rods of the crossing was a sharply controverted issue of fact.

That the charge complained of was erroneous is conceded, but it is urged that the error was harmless in that the jury may have based, and probably did base, its verdict

upon another ground of negligence; namely, the rapid speed of the train in violation of a city ordinance. We cannot accede to this proposition. It is not possible for us to know upon what the jury based its verdict. The evidence was sufficient for them to have found the facts as above outlined, and under the charge of the court they were instructed to find for the plaintiff under those facts if, in addition, they should find that the whistle was not sounded within 80 rods of the crossing. We therefore conclude that the error complained of was material and prejudicial.

The other questions raised by plaintiff in error, we think, were properly disposed of by the Court of Civil Appeals.

We conclude that the judgments of the district court and Court of Civil Appeals should be reversed, and the cause remanded to the district court for a new trial; all costs of appeal to be taxed against the defendant in error.

PHILLIPS, C. J. The judgment as recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission.